Filed 11/9/23  P. v. Albarran CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>ODILON ALBARRAN,<br><br>　　Defendant and Appellant. | D081608<br><br><br>(Super. Ct. No. SCD187650) |

APPEAL from a judgment of the Superior Court of San Diego County, Frederick Maguire, Judge.  Reversed and remanded with directions.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and James H. Flattery III, Deputy Attorneys General, for Plaintiff and Respondent.

After his 2006 conviction for murder, Albarran petitioned the court pursuant to Penal Code[1] section 1172.6[2] to vacate his murder conviction and for resentencing. After hearing oral argument, the court denied the petition without issuing an order to show cause. On appeal, Albarran contends that the trial court erred when it engaged in factfinding at the prima facie stage of the proceedings, and further argues that the error was prejudicial to him.

The Attorney General agrees with Albarran on both contentions. We accept the concessions, and we will remand the matter with instructions for further proceedings.

BACKGROUND AND PROCEDURAL FACTS

In 2005, Albarran was charged with murder, in violation of section 187, subdivision (a), together with an allegation of personal use of a deadly weapon, a knife, and a special circumstances allegation of murder while engaged in a robbery. The charged offense involved a homicide in the course of a robbery by Albarran and another person.[3] A jury found that Albarran was guilty of first degree murder, and further found that he personally used a knife in the commission of the murder and that he committed the murder while engaged in the commission of a robbery. The court sentenced Albarran to life without the possibility of parole, plus a consecutive one-year term. This court affirmed the judgment on direct appeal. (*People v. Albarran* (Jan. 13, 2009, D050959) [nonpub. opn.].)

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] This section was formerly designated as section 1170.95.

[3] Further details of the underlying offense are not relevant to the issues before us.

2

On July 14, 2022, Albarran petitioned the court to vacate his murder conviction and to resentence him, relying upon section 1172.6. After appointing counsel to represent Albarran, the court heard oral argument on the petition on January 24, 2023, and thereafter issued a written opinion denying the petition, concluding that Albarran had failed to make a prima facie case, because the evidence presented at trial established that "Albarran was the actual and only killer."

Albarran timely appealed.

We review a denial of resentencing under section 1172.6 for failure to present a prima facie case using a de novo standard of review. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14 (*Lopez*).)

DISCUSSION

In 2019, the California Legislature amended sections 188 and 189, which made changes to existing law such that murder liability could no longer be imposed on a defendant who was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Section 1172.6, subdivision (a) provides a procedure by which a convicted person may seek resentencing under the new law. After the offender files the appropriate petition, the court must appoint counsel to represent the offender, and the matter is set for hearing to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis, supra*, 11 Cal.5th at pp. 961–963, 967.) In making that preliminary determination, the court may rely on the record of conviction but may not engage in factfinding, weighing of evidence, or the exercise of discretion. (*Id.* at p. 972.)

3

Here, as Albarran argues and the People concede, the court specifically engaged in impermissible factfinding. The court noted that it had presided over the jury trial, and summarized the "compelling" testimony of two witnesses at trial. Based in part on the evidence at trial, the court concluded that Albarran was the actual killer of the victim and was therefore ineligible for relief as a matter of law. Such factfinding at the prima facie stage was error. (*Lewis, supra,* 11 Cal.5th at p. 972.)

Further, based upon our review of the record of Albarran's conviction, we conclude that the error was prejudicial to him, because the relevant record of conviction does not support a finding that Albarran is ineligible for relief under section 1172.6. A petitioner is ineligible for relief as a matter of law if the record of conviction that he or she was not convicted under any theory of liability affected by the Legislature's amendments to the law of murder. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867.) A record of conviction includes the jury instructions given and the jury's verdict. (*People v. Harden* (2022) 81 Cal.App.5th 45, 50.) "[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law." (*Harden*, at p. 52.)

At Albarran's trial, the jury was instructed on aiding and abetting, murder with malice aforethought, and felony murder. The murder instruction noted that there were two theories of first degree murder against Albarran: (1) willful, deliberate and premediated murder; and (2) murder during the commission of a robbery (felony murder). The instructions noted that the jurors did not need to agree on the same theory of first degree murder. As to felony murder, the jury was instructed that Albarran may be guilty of felony murder "even if another person did the act that resulted in

4

the death," if he aided and abetted the perpetrator in committing a robbery. Further, "[a] person may be guilty of felony murder even if the killing was unintentional, accidental, or negligent." As to personal use of a weapon, the instruction provided that personal use could be found if Albarran intentionally displayed the weapon "in a menacing manner."

Putting these instructions together, it is possible that the jury found that Albarran had aided and abetted a robbery in which someone else was the actual killer, that he didn't intend the killing, and that he displayed a weapon in a menacing manner. Thus, based on these portions of his record of conviction, it cannot be said as a matter of law that Albarran is ineligible for relief under section 1172.6.

The jury's finding as to special circumstances allegation raises a different question. As to the special circumstances, the jury was instructed that the People were required to prove that Albarran committed or aided and abetted a robbery; that Albarran "did an act that caused the death of another person," that the act causing the death and the robbery were part of a continuous transaction, and that there was a logical connection between the act causing death and the robbery. Thus, the jury instructions and the jury verdict as to special circumstances show that Albarran "did an act that caused the death of another person." But as we discuss, this showing falls short of establishing that Albarran was the actual killer.

In *Lopez, supra,* 78 Cal.App. 5th 1, the court considered analogous facts. There, as here, the jury found the defendant guilty of first degree murder but did not specify whether the finding was based on a theory of felony murder or an alternate theory of malice aforethought murder. In addition, as here, the jury found the special circumstance of murder during the commission of a robbery.

5

The *Lopez* court concluded that an offender is ineligible for relief under section 1172.6 if the record of conviction establishes conclusively, inter alia, that the petitioner was the "actual killer," i.e., the person who "personally kills" the victim. (*Lopez, supra*, 78 Cal.App.5th at pp. 14, 18.) The court distinguished the special circumstances finding that the defendant "caused" the death of the victim, discussing a line of cases that establish that "[l]iability for murder may be imposed in some circumstances against a person who is not the actual killer but who commits an act that is the proximate cause of the victim's death." (*Lopez*, at p. 17.) "The jury might have found defendant, though not the actual killer, participated somehow in the home invasion robbery, and the victim's death was the direct, natural, and probable consequence of an act committed in the course of his participation." (*Id.* at p. 20.)

Accordingly, we conclude as the *Lopez* court did that "[t]he record of conviction here does not permit us to say as a matter of law the jury found defendant personally killed the victim." (*Lopez, supra*, 78 Cal.App.5th at p. 19.) The trial court's denial of Albarran's petition at the prima facie phase was therefore prejudicial to him.

Thus, we reverse.

## DISPOSITION

The postjudgment order denying Albarran's petition for resentencing under section 1172.6 is reversed. The matter is remanded with directions to

the trial court to issue an order to show cause and hold an evidentiary hearing on Albarran's petition.

KELETY, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.